OPINION
{¶ 1} Plaintiff-appellant Harriet Matuszak filed a claim against defendant-appellee Jesse Meadows in the small claims division of the Miamisburg Municipal Court. Her complaint alleges "that there is due and owing to [Matuszak] from [Meadows] the sum of $2,934.00 for Rent, Bills, Damaged [sic]." *Page 2 
 {¶ 2} The trial court dismissed the complaint in the following entry:
 {¶ 3} "This matter came before the Court for trial.
 {¶ 4} "The Court finds that Plaintiff has not proven the liability of this Defendant on her claims by a preponderance of the evidence and the same is DISMISSED.
 {¶ 5} "This is a final appealable order."
 {¶ 6} Matuszak appeals from the order dismissing her complaint. She has not set forth assignments of error, as required by App. R. 16(A)(3). In her one-page brief, she sets forth, with admirable succinctness, the factual basis for her claims for unpaid rent, for damages to a carpet shampooer she loaned to Meadows, and for damages to her washing machine, which Meadows used. Her brief concludes: "For the above reasons, this case should not be dismissed." From this, we infer Matuszak's sole assignment of error to be that the order of dismissal, based on a failure of proof, is against the manifest weight of the evidence.
 {¶ 7} We have reviewed the transcript of the trial. Matuszak testified in her own behalf. Pam Hicks, who apparently was a co-tenant of the premises along with Meadows, testified on Meadows's behalf. There were no other witnesses. Matuszak's testimony was in direct conflict with Hicks's testimony. Hicks testified that Matusak's husband told Meadows that Hicks and Meadows could live in the premises without paying rent, on condition that Hicks and Meadows pay for all of the food for all four of them. Hicks testified that she borrowed the carpet shampooer, and that it was working fine while she used it, up until she returned it to Matuszak. On the issue of the clothes washer, Hicks testified:
 {¶ 8} "Tom [Matuszak's husband] had never told us what was broken on the *Page 3 
washer and never said anything like that before. He said, oh, the washer broke, but I didn't know what was wrong with it, he had never told us anything about that."
 {¶ 9} The trial court evidently found either that Hicks was the more credible witness, or that the credibility of the two witnesses was in equipoise, with neither party preponderating on any of the contested factual issues.
 {¶ 10} "Because the factfinder, be it the jury or, as in this case, the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness. Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion. Therefore, although this distinction is not set forth in [State v.] Thompkins [(1997),78 Ohio St.3d 380, 678 N.E.2d 541], we conclude that a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence — in short, how persuasive it is." State v. Lawson (August 22, 1997), Montgomery App. No. 16288, at page 4.
 {¶ 11} We find nothing in the record in the case before us to overcome the deference that we must accord the trial judge, who, as the finder of fact, was present to see and hear the witnesses who testified in this case. Accordingly, we conclude that the *Page 4 
judgment is not against the manifest weight of the evidence.
 {¶ 12} Matuszak's sole assignment of error is overruled. The judgment of the trial court is affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1